IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL POERIO, | : |
| | : Civil No. 2:09-cv-01536-NBF |
| Plaintiff, | : |
| | : Judge Nora Barry Fischer |
| vs. | : |
| | : |
| GREENSBURG POLICE DEPARTMENT, | : Electronically Filed |
| | : |
| Defendant. | : |

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Greensburg Police Department, by and through its attorneys, Neva Stanger, Esquire and Campbell Durrant Beatty Palombo & Miller, P.C., files the following Brief in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.  FACTUAL BACKGROUND

Plaintiff filed this action in the Court of Common Pleas of Westmoreland County, Pennsylvania on November 4, 2009. The Complaint asserted that Plaintiff's Federal and State Constitutional rights were violated when the Greensburg Police Department officers arrested and allegedly detained him without probable cause and in absence of a valid warrant. On November 18, 2009, the case was removed to the United States District Court for the Western District of Pennsylvania. Defendant subsequently received an extension of time in which to file its response to the Complaint.

Plaintiff was arrested by the Greensburg Police Department ("Defendant") on October 17, 2009 at approximately 2:00 a.m. as he was leaving his place of employment. Complaint at

{DocNo=00109371.2 }

¶2. After being handcuffed and placed in the back of a police vehicle, Plaintiff was informed that Magisterial District Judge Albert had issued a warrant for his arrest. Complaint at ¶¶2, 4. Plaintiff told the arresting officers that the warrant in question had been "lifted" on October 13, 2009. Complaint at ¶5. Plaintiff was then permitted to retrieve papers from his car showing that the warrant was no longer in effect. Complaint at ¶6. After approximately fifteen minutes of investigation into the status of the warrant, Plaintiff was released from custody. Complaint at ¶¶6, 7.

Defendant, City of Greensburg asserts that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   STATEMENT OF QUESTIONS INVOLVED

I.   Whether Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) due to its failure to state a claim upon which relief may be granted?

**Suggested Answer:   Yes.**

## III.   ARGUMENT

Dismissal of a complaint under Rule 12(b)(6) is appropriate only if accepting all factual allegations as true, the complaint fails to "state a plausible claim for relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

When analyzing a motion to dismiss, the Court should take a two-pronged approach. Ashcroft, 129 S. Ct. at 1950. After separating the factual and legal elements of a claim, "the District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). Secondly, the Court must determine whether the complaint does "more than allege the plaintiff's

entitlement to relief" by showing "such an entitlement with its facts." Id. at 211 (*citing* Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown[n]' – 'that the pleader is entitled to relief.'" Ashcroft, 129 S. Ct. at 1950. Complaints that merely provide "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not withstand a motion to dismiss.  Id. at 1949-1950.

A.     Plaintiff's Federal Constitutional Claims Fail As A Matter of Law.

Plaintiff loosely asserts claims based on Fourth Amendment to the United States Constitution.  Claims seeking damages based on federal Constitutional theories must be asserted pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "provides a cause of action against any person who, acting under color of state law, deprives another of his or her federal rights." Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005).  The threshold inquiry in a Section 1983 claim is whether the Plaintiff has been deprived of a right "secured by the Constitution and the laws."  Baker v. McCollan, 443 U.S. 137, 140 (1979).  Absent a violation of a right secured by the Constitution or the laws of the United States, there can be no cause of action under Section 1983.  Reichley v. Pennsylvania Dept. of Agric., 427 F.3d 236, 244 (3d Cir. 2005).  Thus, in order to establish liability under Section 1983, Plaintiff must show that a government official acting under color of law caused the deprivation of a federal right. Kentucky v. Graham, 473 U.S. 159, 165 (1985).

As an initial matter, the Plaintiff has not identified any individuals, including the police officers involved in his arrest on October 17, 2009, as Defendants in this case.  Rather, his suit names the Greensburg Police Department, or the City of Greensburg, as the sole defendant.  The

questions of potential liability of municipal employees and the governmental entity they work for are separate and distinct, since Section 1983 liability of the agency cannot be vicariously imputed to other individuals.  Rizzo v. Goode, 423 U.S. 362, 375-77 (1976).

Likewise, liability under Section 1983 cannot be established against a municipality on a *respondeat superior* basis.  Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).  In order to be successful, the plaintiff must demonstrate that the municipality itself, through the implementation of a municipal policy, practice or custom or through a policymaker caused the constitutional violation.  Id.  Thus, the proper analysis requires the separation of two issues: (1) whether the plaintiff's harm "was caused by a constitutional violation" and (2) if so, whether the municipality is responsible for that violation.  Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).  The first requirement in a municipal liability claim is "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  Bryan County v. Brown, 520 U.S. 397, 403 (1997).  "The Court's holding and reasoning in Monell have created a two-path track to municipal liability under Section 1983, depending on whether the allegation is based on municipal policy or custom."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  A government policy or custom can be established in two ways.  "Policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).  A course of conduct "is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law."  Id.; see also Bryan County, 520 U.S. at 404 ("an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread

as to have the force of law"). "In either of these cases, it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." Andrews, 895 F.2d at 1480. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bryan County, 520 U.S. at 405.

The allegations in the Complaint against the Greensburg Police Department are solely of a *respondeat superior* nature. Plaintiff alleges that "said Defendant, the Greensburg Police Department, at the time of the matters herein complained of, was acting through its duly authorized agents, servants, workmen and employees and in the furtherance of the business of the said Defendant, and under the direction and control of said Defendant." Complaint at ¶14. Plaintiff does not make any allegations in the Complaint that his alleged injuries were the result of a municipal policy or custom of the Greensburg Police Department. Rather, he seeks to hold the Defendant liable solely based upon the actions of its employees, which will not carry a claim against a municipal employer. See Monell, 436 U.S. at 691 (holding that a "municipality cannot be held liable *solely* because it employs a tortfeasor" or, in other words, "a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory"); see also McCaffery v. St. Joseph Mercy Hosp., No. 99-70795, 2000 WL 1279159, at *7 (E.D. Mich. Aug 15, 2000) (holding that a municipality "cannot be held liable under a theory of respondeat superior merely because it employs police officers who allegedly violated Plaintiff's Fourth Amendment rights"). Accordingly, even taking all of the allegations in Plaintiff's Complaint as true, he has failed to plead facts that would entitle him to relief against the Greensburg Police Department (or the City) and his claims should be dismissed as a matter of law.

Even if Plaintiff had named the individual officers involved in his arrest as defendants, his claims would still fail as a matter of law because based upon the facts plead, the police officers involved in this case are entitled to qualified immunity. Whether an officer "made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the Court, not a jury." Curley v. Klem, 499 F.3d 199, 211 (3d Cir. 2007). Such qualified immunity is "an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 129 S.Ct. 808, 818 (U.S. 2009).

The determination as to whether police officers are entitled to qualified immunity in connection with Fourth Amendment claims involves a two-step inquiry under which the Court must determine whether there is sufficient evidence to establish a constitutional violation and, if so, whether the constitutional right at issue was clearly established. Id. at 207. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001); Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (qualified immunity "shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted"). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 129 S.Ct. 808, 818 (U.S. 2009). If a constitutional right was not clearly established at the time of the violation "then the officials are entitled to qualified immunity, and the plaintiff's claim must be dismissed." Thomas v. City of Erie, 236 Fed. App'x. 772, 774 (3d Cir. 2007). Such immunity is broad in scope and protects "all but the plainly incompetent or those who knowingly violate the law."

Hubbard v. Taylor, 538 F.3d 229 (3d Cir. 2008).  If the law does not "clearly establish that the officer's conduct would violate Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation."  Brosseau, 543 U.S. at 198; Tofano v. Reidel, 61 F. Supp. 2d 289, 305 (D.N.J. 1999) (a police officer "is entitled to qualified immunity if a reasonable officer could have believed that, under the circumstances at that time, the conduct could be lawful.").  Because it is ordinarily "reasonable for an officer to assume that a warrant has been issued for probable cause," the Third Circuit has "generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant."  Berg v. County of Allegheny, 219 F.3d 261, 272-73 (3d Cir. 2000).  This case presents better facts than were before the Court in Berg.  For instance, in Berg, the constable who executed the warrant did not give Berg the opportunity to present his release papers.  In this case, the police permitted the plaintiff the opportunity to obtain the relevant paper, reviewed them and took appropriate action.  In addition, there was a least some facts that upon reasonable investigation by the constable (arresting officer) would have lead the constable to the conclusion that he had the wrong person.  In this case, as the Complaint indicates the warrant was facially accurate, and for Mr. Poerio, but it had been previously resolved and not removed from the Magistrate's computer system.

Thus, even if Plaintiff had asserted claims against the individuals officers (which he did not), and even assuming for the sake of argument that a constitutional violation did occur, the officers who arrested Plaintiff would be entitled to qualified immunity.  As the Complaint alleges, the arresting officer informed Plaintiff that Magisterial District Judge Albert had issued a warrant for his arrest.  Complaint at ¶4.  After Plaintiff told the arresting officers that the warrant in question had been "lifted" on October 13, 2009, he was permitted to retrieve papers from his

car showing that the warrant was no longer in effect and was released from custody approximately a quarter of an hour later. Complaint at ¶¶5-7. This case involves no more than an administrative mistake, which was readily and quickly corrected. Plaintiff does not contend that the arresting officers knew that the warrant for his arrest had been "lifted" nor do the facts he avers demonstrate unreasonable behavior by the arresting officers. Nothing in the Complaint suggests that it would have been clear to a reasonable police officer that Plaintiff's arrest, under the circumstances that existed at that time, was not lawful. Accordingly, Plaintiff's claims based on the Fourth Amendment fail as a matter of law and should be dismissed.

      B.      Plaintiff's Pennsylvania Constitutional Claims Fail As A Matter of Law.

Plaintiff's claims that he is entitled to relief under Article I, Section 8 of the Pennsylvania Constitution also fail as a matter of law. This Court and others have repeatedly held that violations of the Pennsylvania Constitution do not give rise to a private cause of action for which damages may be recovered. See Gary v. Braddock Cemetery, 517 F.3d 195, 207 n.4 (3d Cir. 2008) ("The prevailing view is that Pennsylvania does not recognize a private right of action for damages in a suit alleging violation of the Pennsylvania Constitution."); Nykiel v. Borough of Sharpsburg, No. 08-0813, 2009 WL 1549535, at *3-4 (W.D. Pa. June 2, 2009) (holding that a claim for damages based on Pennsylvania Constitution failed as a matter of law and observing that while the Pennsylvania Supreme Court has not yet reached the issue, "[t]he Commonwealth Court of Pennsylvania, as well as our sister courts, have explicitly held that no such right exists under the Pennsylvania Constitution"); Underwood v. Beaver County Children & Youth Servs., No. 03-1475, 2007 WL 3034069, at *2 (W.D. Pa. Oct. 7, 2007) (dismissing claims for monetary damages based on the Pennsylvania Constitution and observing that "Pennsylvania law does not include a statutory equivalent to 42 U.S.C. § 1983, which provides a cause of action for damages

because of a federal constitutional violation"); Hellman v. Kercher, No. 07-1373, 2009 WL 586511, at *5 (W.D. Pa. Mar. 6, 2009) (dismissing the plaintiff's claims for damages based on the Pennsylvania Constitution and indicating that the court had "located no Pennsylvania case which implies a private right of action for damages for state constitutional violations"); Lees v. W. Greene Sch. Dist., 632 F.Supp. 1327, 1334 (W.D. Pa. 1986) (stating that the court "found no Pennsylvania case law or statute which implies a private right of action under the state Constitution" and dismissing claims based on the Pennsylvania Constitution); Jones v. City of Philadelphia, 890 A.2d 1188 (Pa. Commw. Ct. 2006) ("neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution"); Hillgartner v. Port Auth. of Allegheny County, 936 A.2d 131, 141 n.11 (Pa. Commw. Ct. 2007) ("a party may not recover money damages in a private action for violations of the Pennsylvania Constitution"); Ryan v. Gen. Mach. Products, 277 F. Supp.2d 585, 595 (E.D. Pa. 2003) ("the federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution"); Harris v. Paige, No. 08-2126, 2009 WL 3030216, *4 (E.D. Pa. Sept. 22, 2009) (agreeing that a claim based on the Pennsylvania Constitution should be dismissed "because there is no private cause of action for a deprivation of a state provided right under the Pennsylvania Constitution").

There is no state statute similar to 42 U.S.C. § 1983, creating a private cause of action, and in accordance with the holdings of the courts cited above, Plaintiff's claims based on the Pennsylvania Constitution should be dismissed as a matter of law.

## V. CONCLUSION

Accepting as true all of the allegations in the Complaint, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Defendant Greensburg Police Department respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Complaint in its entirety.

CAMPBELL DURRANT BEATTY
PALOMBO & MILLER, P.C.


By: s/Neva L. Stanger
    Neva L. Stanger
    Pa. I.D. #. 62935

    555 Grant Street, Suite 310
    Pittsburgh, PA  15219
    (412) 395-1280
    nstanger@cdblaw.com

    *Counsel for Defendant Greensburg Police Department*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on January 4, 2010, I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and served a copy of the foregoing via regular U.S. mail upon the following:

>Karen L. Kiefer
>1005 Loucks Avenue
>Scottdale, PA 15683
>(724) 887-1005
>Pa. I.D. # 80973
>Counsel for Plaintiff

>By:   s/Neva L. Stanger
>Neva L. Stanger
>Pa. I.D. #. 62935
>
>555 Grant Street, Suite 310
>Pittsburgh, PA  15219
>(412) 395-1280
>nstanger@cdblaw.com
>
>*Counsel for Defendant Greensburg Police Department*